IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PALUXY MESSAGING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARTER COMMUNICATIONS, INC.**<br><br>Defendant. | **CIVIL ACTION NO 6:16-cv-1357**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Paluxy Messaging LLC makes the following allegations against Charter Communications, Inc.

## PARTIES

2. Plaintiff Paluxy Messaging LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 321 E Erwin, Tyler, TX 75702.

3. On information and belief, Charter Communications, Inc. ("Defendant" or "Charter") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 12405 Powerscourt Dr, St Louis, MO 63131.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,411,829

7. Plaintiff is the owner of United States Patent No. 8,411,829 ("the '829 patent") entitled "System, Method and Device for Managing Messages."  The '829 Patent issued on April 2, 2013.  A true and correct copy of the '829 Patent is attached as Exhibit A.

8. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '829 patent. The '829 patent provides, among other things, " A system for managing messages comprising:  a message managing device that is operatively connected to a phone line at a first location to detect an incoming call and a recording of a first copy of a message at a first recording mechanism at the first location, and the message managing device including a second recording mechanism that supplements the first recording mechanism and records a second copy of the message by the second recording mechanism at the first location; and a message managing server that receives the second copy of the message and transmits it to a second location, distant from the first location, such that the message at the first location is available at both the first location and the second location; wherein the message managing device detects the recording of the first copy of the message at the first location by ring detection circuitry that monitors the phone line and detects the recording of the first copy of the message at the first recording mechanism."

9. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '829 patent, including at least Claim 1, in this district and elsewhere in the United States. Particularly, the Defendant's Voicemail service provides a system for managing messages.  By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '829 patent pursuant to 35 U.S.C. § 271.

10. Based on present information and belief, a message managing device (e.g., the Charter Voicemail service) is operatively connected to a phone line at a first location (e.g., a phone) to detect an incoming call and a recording of a first copy of a message at first recording mechanism at the first location.

11. Based on present information and belief, the messaging managing device (e.g., the Charter Voicemail service) includes a second recording mechanism that supplements the first recording mechanism (e.g., Readable Voicemail for transcription of voicemail messages) and record a second copy of the message by the second recording mechanism at the first location.

12. Based on information and belief, the Charter Voicemail servers that receive the second copy of the message transmit it to a second location (e.g., e-mail), distant from the first location (e.g., a phone).

13. Based on present information and belief, the messages at the first location (e.g., a phone) are available at both the first location (e.g., a phone) and the second location (e.g., email).

14. Based on present information and belief, the Charter voicemail servers detect the recording of the first copy of the message at the first location (e.g., a phone) by ring detection circuitry that monitors the phone line and detects the recording of the first copy of the message (e.g., the voicemail on a phone) at the first recording location (e.g., a phone).

15. In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

16. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

17. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '829 Patent complied with all marking requirements under 35 U.S.C. § 287.

18. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '829 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '829 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PALUXY MESSAGING LLC**

Dated:  December 5, 2016

By: */s/ Papool S. Chaudhari*
_____
Papool S. Chaudhari
Texas State Bar No. 24076978
Chaudhari Law, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

 ATTORNEY FOR PLAINTIFF
PALUXY MESSAGING LLC